UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD EUGENE YALLUP, JR.,<br><br>                Plaintiff,<br>    v.<br><br>JULIE A. OLBERS and<br>CHRISTOPHER A. STONE,<br><br>                Defendants. | CASE NO. 3:23-cv-05803-MJP-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: March 29, 2024 |

Plaintiff Richard Eugene Yallup, Jr., proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Second Amended Complaint ("SAC") under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court recommends Plaintiff's SAC be dismissed and this case be closed.

**I.    Background**

Plaintiff, who is housed at Coyote Ridge Corrections Center, alleges Defendants Julie A. Olbers and Christopher A. Stone (collectively "Defendants"), Department of Corrections employees, violated his constitutional rights when they tampered with his legal mail by removing

property and evidence from his mail packets headed to state court. *See* Dkt. 10. Plaintiff also claims that Olbers removed seven pages from a complaint he attempted to file with the Office of Corrections in retaliation for Plaintiff lodging a prior complaint against prison officials. *Id*. Plaintiff appears to assert Defendants took these adverse actions against Plaintiff because he is a Native American. *Id*.

## II.   Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### A.   *Supervisory Liability*

Based on the allegations in the SAC, it appears Plaintiff's claims against Stone are based purely on his position as Olber's supervisor. *See* Dkt. 10. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a

person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must show the individually named defendant caused, or personally participated in causing, the alleged harm. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). As such, in a § 1983 action, "supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). Rather, a supervisor may only be liable "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 646 (citation omitted). Such liability can be imposed, for instance, if the supervisor knew or reasonably should have known his subordinates would cause constitutional injury, or if his own conduct showed reckless indifference to the rights of others. *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal citations and quotation marks omitted); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (a supervisor is only liable for his subordinates' constitutional violations if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them").

Here, the claims against Stone are conclusory and allege his is liable only as Olbers' supervisor. Dkt. 10. For example, Plaintiff contends that Stone "approved, instructed, and protected" Olbers. *Id*. at 6. However, there are no allegations in the SAC showing what actions Stone took or failed to take that resulted in approving, instructing, or protecting Olbers conduct. Plaintiff also asserts Stone had authority and control over Plaintiff's information. *Id*. at 8. Again,

REPORT AND RECOMMENDATION - 3

Plaintiff's allegations are conclusory and he does not sufficiently explain how Stone's alleged control and authority – his supervisory position – resulted in a violation of Plaintiff's rights. Accordingly, Plaintiff has not stated a claim upon which relief can be granted as to Stone.

B. *Claims regarding Plaintiff's Legal Mail*

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir.1995) (per curiam). Prisoners also have a right to meaningful access to the courts under the Due Process clause of the Fourteenth Amendment, which protects their ability to send and receive legal mail. *Gsouri v. Gentry*, 2019 WL 4889790, at *6 (W.D. Wash. Aug. 8, 2019), *report and recommendation adopted*, 2019 WL 4200662 (W.D. Wash. Sept. 5, 2019).[1]

Plaintiff alleges that Olbers secretly removed evidence and papers from his outgoing legal mail. *See* Dkt. 10 at 4-5. However, Plaintiff fails to state colorable claims because he does not show any "actual injury" to court access caused by the interference. *Rogers v. Hardy*, 2007 WL 1821026, at *3 (W.D. Wash. June 22, 2007) (actual injury consists of "some specific instances in which an inmate was actually denied access to the courts" such as by missing a filing deadline) (quoting *Lewis v. Casey*, 518 U.S. 343, 349–52 (1996)). In the SAC, Plaintiff either fails to state that he suffered a harm from the removal of evidence from his legal mail, or he states in a conclusory manner that the removal of the evidence caused him a legal detriment. *See* Dkt. 10 at 4-5. Further, Plaintiff's allegations that Olbers tampered with his mail are conclusory and lack sufficient factual support. *See id*. Plaintiff merely alleges that Olbers must be the one who "secretly removed" items from his mailing because he believes she was the last person who had custody of his legal mail. *Id*. at 5. For example, it is unclear what, if anything,

---

[1] *See also Pink v. L.T. Lester*, 52 F.3d 73, 76 (4th Cir. 1995) ("it matters not, for purposes of § 1983," whether such claims are "catalogued under the First or Fourteenth Amendment," as both require an "intentional" or "conscious" deprivation).

REPORT AND RECOMMENDATION - 4

was removed from Plaintiff's mailing and when it was removed. As such, the allegations in the SAC are not sufficient to state a claim. Accordingly, Plaintiff fails to state colorable claims concerning the tampering of his legal mail.

### C. *Retaliation Claim*

To prevail on a retaliation claim, a plaintiff must allege and prove the defendants retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve such goals. *See Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). Here, Plaintiff fails to state a colorable retaliation claim against Olbers or Stone. Dkt. 10. The allegations against Olbers are conclusory. He provides no factual allegations to support his conclusory statement. While Plaintiff alleges that Olbers removed the pages from a complaint because he filed a previous complaint against prison officials, Plaintiff does not link the actions of Olbers to the alleged retaliation. For example, Plaintiff merely states that Olbers was the last person who handled the complaint. Additionally, Plaintiff alleges Stone is liable only because he has authority over Olbers. Such threadbare assertions do not support a viable cause of action. Accordingly, Plaintiff fails to state a First Amendment retaliation claim.

### D. *Equal Protection Claims*

The Equal Protection Clause of the Fourteenth Amendment prohibits a state from denying to "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. The Equal Protection Clause essentially mandates that state and local governments treat alike all persons who are similarly situated. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). As a general matter, to state an equal protection claim under § 1983, a plaintiff must show that the defendant acted with an intent or purpose to

discriminate against the plaintiff based upon membership in a protected class. *Barren*, 152 F.3d at 1194.

In the SAC, Plaintiff fails to state colorable equal protection claims. Plaintiff merely asserts that Defendants tampered with his mail and retaliated against him because he is a Native American. Dkt. 10. Other than these conclusory allegations, he fails to state that Defendants acted with an intent or purpose to discriminate when they allegedly acted against him. Plaintiff's threadbare allegations and recitation of the claim is insufficient to warrant service. Accordingly, Plaintiff fails to state a colorable equal protection claim.

### III.  Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to show Defendants are liable under §1983. The Court provided Plaintiff with notice of the deficiencies in his claims. *See* Dkts 7, 9. As Plaintiff has had an opportunity to amend his complaint twice and has been instructed regarding the deficiencies of all his claims, the Court recommends Plaintiff not be again given leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

REPORT AND RECOMMENDATION - 6

IV. Conclusion

For the above stated reasons, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. The Court recommends Plaintiff's claims be dismissed without prejudice and this case be closed. As Plaintiff has failed to state a claim upon which relief can be granted, the Court finds this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on March 29, 2024, as noted in the caption.

Dated this 8th day of March, 2024.

David W. Christel
United States Magistrate Judge