UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD EUGENE YALLUP, JR.,

                Plaintiff,

     v.

JULIE A. OLBERS and
CHRISTOPHER A. STONE,

                Defendants.

CASE NO. C23-5803 MJP

ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS

This matter comes before the Court on Plaintiff Eugene Yallup, Jr.'s Objections to the Report and Recommendation (R&R) of Magistrate Judge Christel. (Dkt. No. 12.) Having reviewed the R&R (Dkt. No. 11), the Objections, and all supporting materials, the Court OVERRULES the Objections, ADOPTS the R&R, and DISMISSES this action without leave to amend.

## ANALYSIS

**A.      Legal Standards**

When a party objects to any portion of the Magistrate Judge's report and recommendation, the District Court must make a de novo determination of that portion of the Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009). The Ninth Circuit has determined that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000).

Here, the R&R recommends dismissal under the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915A(a) (PLRA). Under the PLRA, the Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); see Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998). The Court is required to liberally construe pro se documents. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Even under this standard, the pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

**B.      Inadequate Objections**

The R&R recommends dismissal of Yallup's claims because they are conclusory and do not explain how each defendant caused the alleged civil rights violations. (See Dkt. No. 11 at 3-6.) Through his Objections, Yallup argues that he has provided sufficient allegations in his second amended complaint, and, if not, that he should be given leave to address the pleading

deficiencies the R&R identifies. (Dkt. No. 12 at 1-3.) The Court does not find merit in these objections. First, Yallup has not articulated how the specific factual allegations in the second amended complaint that he cites to satisfy each of the deficiencies identified in the R&R. (See Dkt. No. 12 at 1-2.) The Court agrees with the R&R's conclusion that the second amended complaint does not adequately allege any actionable civil rights violations. Second, Yallup has not explained sufficiently why he should be given a fourth opportunity to plead his claims and what specific, new information he might be able to add to address the deficiencies noted in the R&R. The Court also notes that before issuing the R&R, the Magistrate Judge twice declined to serve Yallup's complaint, providing specific reasons why the complaints failed to state a claim and explaining what steps Yallup needed to take to address the deficiencies. (Dkt. Nos. 7, 9.) Despite being given leave and specific instruction, Yallup has not been able to cure the defects the Magistrate Judge identified. On this record, the Court finds that leave to amend should not be granted for a third time, given that Yallup was given ample prior warning, direction, and opportunity to cure the problems in his complaints. See Swearington v. Calif. Dep't of Corr. & Rehab, 624 F. App'x 956, 959 (9th Cir. 2015) (unpublished). The Court therefore OVERRULES the Objections, ADOPTS the R&R, and DISMISSES the second amended complaint without leave to amend.

## CONCLUSION

The Court finds no merit in Yallup's Objections and OVERRULES them. The Court ADOPTS the R&R and DISMISSES the second amended complaint without leave to amend. The Court finds this to be a strike under 28 U.S.C. § 1915(g).

The Court directs the Clerk to enter separate judgment.

The Court directs the Clerk to provide copies of this order to Plaintiff, all counsel, and Magistrate Judge Christel.

Dated June 3, 2024.

Marsha J. Pechman
United States Senior District Judge